IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ DAVID NELSON,

                Petitioner,

v.

WARDEN R.D. KEYES,

                Respondent.

OPINION and ORDER

22-cv-731-wmc[1]

---

Cortez Nelson, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Nelson contends that he is entitled to earn credits towards his release under the First Step Act, but the Bureau of Prisons (BOP) has improperly concluded that he is ineligible to receive those credits. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

I am dismissing Nelson's petition because his release date is too far away for First Step Act credits to be applied to his sentence.

ANALYSIS

The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). In January of 2022, the BOP

---

[1] I am exercising jurisdiction over this case for purposes of review under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

finalized a new rule codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

Nelson is serving a sentence for a conviction under 21 U.S.C. § 846, conspiracy to distribute a controlled substance. Nelson's projected release date is December 31, 2029. Nelson does not say whether he has earned any FSA time credits, but even if he had he is not entitled to relief under § 2241 at this point in his sentence. The First Step Act allows for earned time credits to be applied towards supervised release or prerelease custody only when the inmate has earned time credits that equal the remainder of the sentence. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[T]he BOP is permitted to apply time credits only once an inmate has earned time credits that equal the remainder of [his] sentence.") (quotations omitted). Nelson does not contend that he participated in any of the relevant recidivism reduction programming or activities, so I cannot conclude that he is entitled to FSA time credits or direct the BOP to apply those credits to his sentence. *See United States v. Lee*, No. 22-CR-6031-FPG, 2023 WL 3017279 (W.D.N.Y. Apr. 20, 2023) ("Because Defendant has neither identified any programming that she has completed nor otherwise identified any time credits to which she is entitled, the Court has no authority to either grant such credits or direct the BOP to apply such credits to her sentence.") (citations omitted).

In addition, one year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3). Even if Nelson had asserted that he earned a year of First Step Act time credits, that would still leave Nelson with a projected release date of December 31, 2028. So, Nelson is not yet eligible to have this court intervene to address his claim. *See Rosales v. Pliler*, No. 20-cv-2136(CS), 2022 WL 16833656, at *4 (S.D.N.Y. Nov. 9, 2022) ("Petitioner is not entitled to have his FCA

Time Credits applied to reduce his sentence length until he has earned sufficient credits to warrant his immediate release from prison."); *Milchin v. Warden*, No. 22-cv-195, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) ("Until [petitioner] accumulates sufficient time credits to equal the remainder of his sentence, he is not eligible to have those credits applied."). Because Nelson is not entitled to the relief he seeks under the First Step Act, I will deny his petition.

## ORDER

IT IS ORDERED that:

1. Petitioner Cortez Nelson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered June 6, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge